Richard VINSON, a/k/a Charles Edwards, Plaintiff,

v.

FULTON COUNTY SHERIFF'S DEPARTMENT, et al., Defendants.

Civ. A. No. 1:87–CV–302–RHH.

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 26, 1988.

Richard Vinson, pro se.

Pickens Andrew Patterson, Jr., Thomas Kennedy Sampson Edwards & Slayton, Atlanta, Ga., William Phillips Tinkler, Jr., Parkerson & Shelfer, Decatur, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional rights by showing deliberate indifference to his serious medical needs. Currently before the court are: (1) defendant Franklin's motion for summary judgment; (2)

defendant Franklin's motion for an extension in the time in which to file the pretrial order; (3) plaintiff's motion for leave to file an amended complaint; and (4) plaintiff's motion for appointment of counsel.

## FACTS

At the time relevant to this action, plaintiff was an inmate incarcerated in the Fulton County Jail in Atlanta, Georgia ("jail"). Defendant Franklin is the Medical Director at the Fulton County Jail. Defendant Franklin's Statement of Facts As to Which No Genuine Issue Exists, ¶ 1. On or about September 16, 1985, plaintiff sustained injuries in a physical altercation with another inmate. After the fight, a dentist at the Fulton County Jail, Dr. Bernard Duncan, evaluated plaintiff, noted that his bite was off and referred him to the oral surgery clinic at Grady Memorial Hospital ("Grady") in Atlanta for evaluation of a possible jaw fracture. *See* Exhibit to Affidavit of Hal A. Franklin, M.D., Progress Record, ("Progress Record"), Fulton County Jail Medical Department.

The record shows that the jail medical staff sent a request for treatment of plaintiff to the Grady Oral Surgery Clinic with the remarks "Inmate involved in a fistic altercation. He appears to have a fracture. His bite is off. Please evaluate. Please also eval R hand injury." *Id.* Memo to Grady Memorial Hospital from Fulton County Jail Attending Physician ("Physician Memo"). The physician at Grady, Dr. Mark Steves, examined plaintiff's right hand, jaw, chest and ribs. Affidavit of Richard Vinson in Opposition to Defendant Franklin's motion for summary judgment, ¶ 12. ("Plaintiff's Affidavit"). Dr. Steves diagnosed a fracture of the fifth metacarpal of the right hand, applied a splint and scheduled plaintiff to return to the orthopedic clinic in two weeks. Affidavit of Hal A. Franklin, M.D., at ¶ 4 ("Defendant's Affidavit"); Exhibit to Defendant's Affidavit, Physician Memo. It is not clear whether the Grady physician took x-rays of plaintiff's jaw but, in any event, he did not diagnose plaintiff's jaw as fractured.

After his evaluation at Grady, plaintiff returned to the Fulton County Jail where he was placed in isolation. He complained of pain and discomfort and, on September 17, 1985, officials at the jail gave him Motrin to help ease the pain. Defendant's Affidavit, ¶ 5; Exhibit to Defendant's Affidavit, Progress Record. The jail medical records do not indicate that any medical staff attended to plaintiff again until September 26, 1985. On that date, plaintiff was sent to the Grady Oral Surgery Clinic for "reevaluation of left face secondary to trauma." Exhibit to Defendant's Affidavit, Progress Record. Between September 16 and 26, 1985 plaintiff "repeatedly requested that [he] be taken to the hospital for medical treatment of [his] broken jaw." Plaintiff's Affidavit, ¶ 16. *See also Id.,* ¶¶ 13, 15 (plaintiff told a deputy he needed to see a doctor and directed several medical request forms to the medical section of the jail seeking treatment for his jaw and other injuries).

Upon reevaluation at Grady, doctors learned that plaintiff's jaw was fractured. The Grady physicians wired plaintiff's jaw, prescribed medication and replaced his arm splint with a more bulky dressing. Defendant's Affidavit, ¶ 6; Exhibit to Defendant's Affidavit, Progress Record. Plaintiff returned to the Jail on September 27, 1985 where he was again placed in isolation until September 30, 1985, when he was transferred to the medical ward. The jail medical records show that the jail medical staff followed up on plaintiff's treatment, provided him with prescribed medication and observed him on an almost daily basis from the time he returned from Grady on September 27 through November 21, 1985 when Grady physicians removed the wire from his jaw. Exhibit to Defendant's Affidavit, Progress Record.

Plaintiff contends that defendant Franklin and the other defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the Constitution. Defendant Franklin brings this motion for summary judgment on the ground that he did not show deliberate indifference to plaintiff's medical needs and that the medical needs were not "serious". Plaintiff also seeks

leave to amend his complaint to substitute Dr. Mark Steves, the first Grady physician who evaluated plaintiff, for defendant Dr. John Doe. Plaintiff submits that he just recently learned the name of Dr. Steves as a result of receiving his jail medical records. Plaintiff further moves the court for appointment of counsel and defendant Franklin seeks an extension in the time in which he must file the pretrial order. Further facts will be disclosed as necessary for discussion of the motions.

## DISCUSSION

### I. *Defendant Franklin's Motion for Summary Judgment*

In this action for alleged inadequate medical treatment in violation of plaintiff's Eighth Amendment rights, the parties do not appear to dispute the applicable legal standards. In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court set forth the test for determining when inadequate medical treatment of a prisoner constitutes a violation of the Eighth Amendment. The Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983" and "constitutes the 'unnecessary and wanton infliction of pain' [cit] proscribed by the Eighth Amendment." *Id.* at 105, 104, 97 S.Ct. at 291. The Court clarified, however, that "an inadvertent failure to provide adequate medical care" or "negligence in diagnosing or treating a medical condition" does not state a claim under § 1983. *Id.* at 105–106, 97 S.Ct. at 292. The Court stated "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.*

Defendant Franklin argues in this motion for summary judgment that both the requisite deliberation by defendant and gravity of plaintiff's illness were lacking in this case. Franklin contends that the undisputed facts show that defendant was, at most, negligent in his treatment of plaintiff. He furthermore argues that even if the facts could support a finding of deliberate indifference, plaintiff's injuries, in particular the broken jaw which apparently has completely healed, were not "serious" as required under the *Estelle* test.

This court declines to find as a matter of law that a broken jaw does not constitute a serious injury within the meaning of *Estelle*. In other cases where courts in this jurisdiction implied that an injury or illness was not "serious" as contemplated by *Estelle*, the medical ailments included high blood pressure and a rash on a prisoner's foot. *See Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir.1978) (high blood pressure); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (rash). Plaintiff argues that a broken jaw is extremely painful and the record contains no evidence regarding the severity of the injury if left untreated. Furthermore, plaintiff contends that defendants showed deliberate indifference regarding the fracture in his right hand and, as a result, his hand no longer functions properly. The court does not believe that either a fractured jaw or a fractured hand can be classified as not "serious" as a matter of law.

The bulk of defendant Franklin's argument in support of his motion for summary judgment, however, is that, as a matter of law, he did not show deliberate indifference to plaintiff's medical needs. The court agrees that, at times, defendant was not deliberately indifferent to plaintiff's injury and medical needs. Immediately following the altercation in which plaintiff sustained injuries, the jail medical staff examined plaintiff. They determined that plaintiff appeared to have suffered a fractured jaw and right hand. Apparently, the medical staff at the jail concluded that plaintiff would get better treatment and a more thorough evaluation at Grady Memorial Hospital. Therefore, they sent plaintiff to Grady along with a physician memo requesting evaluation of his possibly fractured jaw and his right hand.

■ Although the Grady physician, Dr. Steves, may have overlooked plaintiff's fractured jaw, the jail medical staff under defendant Franklin cannot be therefore

held liable under § 1983. Defendant clearly was not deliberately indifferent to plaintiff's injuries and medical needs when he and his staff evaluated plaintiff soon after he sustained the injuries and sent him to a reputable hospital for further evaluation and treatment.

In his affidavit and response to defendant's Statement of Facts, plaintiff contends that defendant failed to refer him for treatment of his broken jaw. Because he was not treated for his fractured jaw on September 16, 1985, plaintiff understandably believed that the jail medical staff failed to bring the injury to the Grady physician's attention. The medical records show, however, that the jail medical staff did specifically request evaluation and treatment of both plaintiff's jaw and right hand.

Plaintiff further states in his affidavit that defendant Franklin should have taken x-rays of plaintiff's jaw. In light of defendant's action in sending plaintiff to a reputable and fully equipped hospital, however, the jail medical staff's failure to take x-rays was, at worst, an inadvertent failure or negligence which would not give rise to § 1983 liability. Therefore, defendant Franklin did not, as a matter of law, violate plaintiff's Eighth Amendment rights by virtue of his treatment of plaintiff on September 16, 1985.

Similarly, defendant Franklin's treatment of plaintiff after September 27, 1985 was not violative of the Eighth Amendment. The medical records show that for the first month after he returned to the jail with his jaw wired, jail medical staff observed and provided follow-up treatment to plaintiff every day. Thereafter, the staff continued to provide him with medication and treatment on an almost daily basis. There is no evidence that defendant Franklin and his staff showed any indifference to plaintiff's medical needs once he returned from his reevaluation at Grady on September 17, 1985.

On a motion for summary judgment, the party seeking the summary judgment bears the initial burden of demonstrating that there is no actual dispute as to any material fact. The evidence must be construed in favor of the party opposing the motion, and the opposing party must receive the benefit of all favorable inferences that can be drawn from the evidence. Once the movant has supported his motion for summary judgment, however, as defendant Franklin has in this case, the adverse party "may not rest upon the mere allegations of his pleading" but in response "must set forth specific facts showing there is a genuine issue for trial." Fed.R. Civ.P. 56(e).

The Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), noted that the standard for granting summary judgment mirrors the standard for directed verdict. The Court held that after adequate time for discovery, Rule 56(c) "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* 106 S.Ct. at 2552–2553. The Court reasoned that Rule 56 should be interpreted in a way that allows the rule to accomplish one of its "principal purposes" of "isolat[ing] and dispos[ing] of factually unsupported claims or defenses." *Id.* 106 S.Ct. at 2553.

The *Celotex* Court stressed that once the movant has identified those portions of the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits" that demonstrate the insufficiency of the non-movant's evidence, the burden shifts to the non-moving party "to go beyond the pleadings and by his own affidavits ... designate 'specific facts showing there is a genuine issue for trial.'" *Id.* A non-movant does not meet his burden of showing "specific facts" of a genuine issue for trial by stating conclusory reiterations of the allegations of his complaint. "In fact, unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1216 (5th Cir.1985) (*quoting* C.

Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 2738 (1983)).

Applying these summary judgment principles to the instant action, it becomes clear that plaintiff failed to counter defendant Franklin's motion with regard to Franklin's conduct and treatment of plaintiff on September 16, 1985 and September 27 through at least November 21, 1985, when the wire was removed from plaintiff's jaw. Plaintiff's conclusory statements in his affidavit cannot counter defendant Franklin's affidavit and the medical records showing that defendant Franklin was not deliberately indifferent to plaintiff's serious medical needs on those dates. For the period between September 16 and September 26, 1985, however, plaintiff has presented facts to counter defendant Franklin's conclusory affidavit statements that plaintiff received adequate medical attention and no member of the jail medical staff was deliberately indifferent to his medical needs. Defendant's affidavit, ¶¶ 8, 10.

■ In his affidavit, plaintiff states that, on September 16, 1985, after returning from Grady, he complained to a deputy that he was in pain, believed his jaw was broken and needed to see a doctor. He states that he was given no medication for his injuries except on one occasion on September 17 when he was given Motrin. Plaintiff's Affidavit, ¶ 13. Plaintiff further asserts that on September 17, he "directed several medical request form [sic] to the medical section of the jail seeking medical attention for [his] broken jaw and other injuries." *Id.,* ¶ 15. Finally, plaintiff states that, from September 17 through September 26, 1985, he "repeatedly requested that [he] be taken to the hospital for medical treatment of [his] broken jaw. [He] was repeatedly given substitute medication" for his pain and the jail medical officials refused to look at his broken jaw. *Id.* ¶ 16.

Plaintiff's affidavit statements regarding alleged indifference to his medical needs between the time he returned from his first evaluation at Grady to the time he was sent back to Grady for reevaluation, are suffi-cient to defeat defendant Franklin's motion for summary judgment insofar as that time period is concerned. The medical records do not reflect any treatment of plaintiff between September 17 and 26, 1985 and defendant Franklin supported his motion with regard to that time period with no more than conclusory statements that no one was deliberately indifferent to plaintiff's needs. Plaintiff has presented facts through his affidavit, however, that tend to support a finding that defendant Franklin and the jail medical staff were deliberately indifferent in that they actually intended to ignore plaintiff's needs and requests or they acted with recklessness or callous neglect.

For the above reasons the court PARTIALLY GRANTS and PARTIALLY DENIES defendant Franklin's motion for summary judgment. Because there are facts in dispute with regard to defendant Franklin's actions or omissions toward plaintiff from September 17 to September 26, 1985, the court DENIES the motion as to that time period. On the other hand, because plaintiff failed to counter defendant Franklin's showing that the facts are undisputed that the jail medical staff provided plaintiff with adequate medical care on September 16, 1985 and after September 25, 1985, the court GRANTS defendant Franklin's motion as to those dates.

## II. *Plaintiff's Motion for Leave to Amend Complaint*

In his first amended complaint, plaintiff included a Dr. John Doe as a defendant. Plaintiff was unable to ascertain the identity of the physician at Grady who diagnosed and treated him on September 16, 1985. Once plaintiff gained access to his jail medical records, however, he learned that Dr. Mark Steves was the physician who allegedly overlooked plaintiff's fractured jaw. Plaintiff now seeks leave to amend his complaint to substitute defendant John Doe with Dr. Mark Steves.

Plaintiff correctly notes that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The grant or denial of a motion to amend, how-

ever, is within the discretion of the court. In determining whether to grant leave to amend, the court may consider several factors including "undue delay, bad faith or dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of the amendment [and] futility of the amendment...." *Pan–Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir.1980) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). "Clearly if a complaint as amended is subject to dismissal, leave to amend need not be given." *Id.*

In the instant action, although there has been no bad faith or dilatory motive on plaintiff's part, the court believes that amending the complaint to add Dr. Steves would unduly prejudice Dr. Steves and would be futile. The events which gave rise to this action occurred over two years ago. Dr. Steves has not been on notice that this action is pending or that he is in any way subject to liability for his actions on September 16, 1985. Moreover, Dr. Steves cannot be liable under 42 U.S.C. § 1983 because he did not evaluate and treat plaintiff under color of state law. Thus, this § 1983 complaint would be subject to dismissal against Dr. Steves for lack of jurisdiction. The amendment would therefore be futile. For these reasons, the court DENIES plaintiff's motion for leave to amend his complaint to add Dr. Mark Steves and DISMISSES the complaint against Dr. John Doe.

### III. *The Remaining Motions*

Plaintiff, for the third time, moves this court to appoint him counsel. As evidenced by his response to defendant Franklin's motion for summary judgment, however, plaintiff has sufficiently identified the operative facts and cause of action involved in this case. Therefore, the court DENIES plaintiff's motion for appointment of counsel.

Defendant Franklin brings a motion for an extension of time for filing the proposed pretrial order. Franklin submits that it would be inefficient and uneconomical to file a proposed pretrial order prior to this court's ruling on his motion for summary judgment. The court agrees and GRANTS defendant's motion. Defendant Franklin is DIRECTED to file his proposed pretrial order no later than February 16, 1988.

### CONCLUSION

In sum, the court PARTIALLY GRANTS and PARTIALLY DENIES defendant Franklin's motion for summary judgment. The only issue to be tried against Franklin is whether he was deliberately indifferent to plaintiff's serious medical needs while plaintiff was incarcerated in the isolation unit between September 17 and September 26, 1985. The court DENIES plaintiff's motions for appointment of counsel and leave to amend and DISMISSES the complaint against Dr. John Doe. Finally, the court GRANTS defendant Franklin's motion for an extension for filing and DIRECTS him to file the proposed pretrial order no later than February 16, 1988.