James Edward WOOTEN, Appellant,

v.

Sgt. Garland SHOOK, etc., Appellee.

Wesley OTEY, Appellant,

v.

Paul PUCKETT, Sheriff, City of Roanoke, Appellee.

Nos. 73–2213, 73–2282.

United States Court of Appeals, Fourth Circuit.

Argued July 10, 1975.

Decided Sept. 16, 1975.

Buddy O. H. Herring, III [court-assigned counsel] for appellants in Nos. 73–2213 and 73–2282.

James F. Bailey, Jr. [Third-year law student] on brief, for appellant in No. 73–2213.

Paul A. Stephens, Jr. [Third-year law student] on brief, for appellant in No. 73–2282.

Alan S. Hirsch, Associate Atty. Gen. of N. C. (Rufus L. Edmisten, Atty. Gen. of N. C., and Jacob L. Safron, Asst. Atty. Gen. of N. C., on brief), for appellee in No. 73–2213.

Robert F. Rider, Commonwealth's Atty., Roanoke, Va., for appellee in No. 73–2282.

Before CRAVEN, BUTZNER and FIELD, Circuit Judges.

FIELD, Circuit Judge:

These two appeals involve actions instituted by state prisoners under 42 U.S.C. § 1983, each of which was dismissed without an evidentiary hearing. The divergent manner in which the cases were handled by the respective district courts requires that No. 73–2282 be reversed while No. 73–2213 is affirmed.

■ The plaintiff in Case No. 73–2213 alleged that he escaped from the Craggy Prison Unit, Asheville, North Carolina, and that when he was recaptured a billfold containing $33.00 in cash, together with some personal pictures and papers, was seized by the defendant correctional officer. He admitted that the cash had been placed in his prison trust fund account, but charged that the billfold and its remaining contents had not been returned to him. The defendant filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure supported by an affidavit which complied with the requirements of Rule 56(e), Fed.R.Civ.P. The plaintiff was proceeding *pro se,* and the district court advised him that he should file an affidavit in opposition, together with any other supporting evidence. Pursuant to these instructions of the court the plaintiff filed a counter-affidavit.

The defendant denied that he had violated any of the plaintiff's civil rights and in his affidavit stated that he had traveled to Tennessee where he took the plaintiff into custody and returned with him to Craggy Prison. The affidavit further stated that after taking the plaintiff's wallet into his possession the cash was deposited in the prison trust fund account and the wallet and personal papers were later placed on the transfer bus to be sent to Central Prison in Raleigh where the plaintiff was then incarcerated. The plaintiff in his counter-affidavit admitted that the $33.00 had been credited to his trust fund account, but stated that he had not received the wallet.

Upon the pleadings and affidavits the district court determined that there was no genuine issue with respect to any material fact and concluded that the plaintiff's constitutional rights had not been violated in any manner by the defendant. We agree with the district court that the seizure of the plaintiff's wallet by the defendant was neither unreasonable nor arbitrary, and since the statement in the defendant's affidavit relative to placing the wallet on the prison bus was uncontroverted there was no triable factual issue and summary disposition of the case was appropriate.

■ In Case No. 73–2282, the plaintiff alleged that while he was an inmate in the City Jail of Roanoke, Virginia, the defendant Sheriff (1) inflicted physical damages upon him; (2) discriminated against him; (3) subjected him to severe mental cruelty; (4) refused him a mattress during confinement; and (5) refused him toilet paper during the entire period of his confinement. In his answer the defendant denied the allegations of the complaint and asked that the action be dismissed. The district judge, stating that the plaintiff's allegations were merely vague and conclusional in nature and lacking in specificity, dismissed the complaint. The dismissal motion was granted under Rule 12(b)(6), Fed.R. Civ.P., for failure to state a claim upon which relief could be granted, and in the absence of any affidavit or other supporting material was based solely upon the allegations in the plaintiff's complaint and the bald denials in the defendant's answer.

Dismissal of the complaint in this fashion cannot be countenanced under

either *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), or our own case, *Coleman v. Peyton,* 340 F.2d 603 (4 Cir. 1965). Here, as in *Coleman,* the allegations are concededly vague and general and lacking in particularized background facts. However, the charges cannot be characterized as frivolous, and as the Court stated in *Kerner*:

> "Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however, inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'." 404 U.S. at 520, 521, 92 S.Ct. at 596.

While we do not hold that an evidentiary hearing is required in every case such as this, the district court should ordinarily require that a dismissal or summary motion be supported by affidavit or other material sufficiently demonstrating that there is no factual issue and that dismissal is appropriate as a matter of law.

For the reasons stated, the judgment of dismissal in No. 73–2213 is affirmed, and the judgment of dismissal in No. 73–2282 is reversed and the case remanded for further proceedings.

No. 73–2213 affirmed; No. 73–2282 reversed and remanded.