974 F.2d 1332
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Randi D. SLOAN, a/k/a Robert H. Ketchum, Plaintiff-Appellant,
v.
CITY of Asheville Police; Buncombe County; John Doe Nos.
1-4, Defendants-Appellees.
 No. 91-6330.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 14, 1992
Decided: September 1, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CA-91-117-A)
 Randi D. Sloan, Appellant Pro Se.
 W.D.N.C.
 Affirmed in part, vacated in part, and remanded.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert H. Ketchum, a/k/a Randi D. Sloan, a/k/a Kent O. Norman, appeals from a judgment of the district court dismissing his 42 U.S.C. § 1983 (1988) action as frivolous. See 28 U.S.C. § 1915(d) (1988). Because there is a possibility that Ketchum could prove a set of facts meriting relief for some of his claims, we vacate in part the district court's decision.
 
 
 2
 Ketchum alleges that while he was homeless in North Carolina he was falsely arrested and his social security card and other identification were confiscated by unknown City of Asheville police and Buncombe County sheriff's deputies. He specifies the location and year of two arrests, and the year of a third arrest. He also alleges that other prisoners were allowed to attack him when he was put in Buncombe County Jail by sheriff's deputies, presumably after one of these arrests. He asserts that a policy exists that allows police to harass and intimidate homeless people. He also maintains that discovery would be required before he can specifically identify the offending police officers. The district court found that "the plaintiff's complaints touch on fourth, fifth, eighth and fourteenth amendment issues" but "his contentions are without a factual basis and are, at best, fanciful; therefore, plaintiff's complaint is frivolous within the meaning of section 1915(d)."
 
 
 3
 Pursuant to § 1915(d), a court may dismiss the case of a litigant authorized to proceed in forma pauperis,"if satisfied that the action is frivolous." However, dismissal under § 1915(d) is not appropriate where a plaintiff's factual contentions are not clearly baseless, or there is a basis for the claim in law. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). When a complainant's allegations are not obviously "fantastic and delusional," the possibility, however remote, that a plaintiff can prove a set of facts meriting relief, justifies proceeding with service of process on defendants. See Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990); Neary v. Dugger, 766 F.2d 456, 457 (11th Cir. 1985); Boyce v. Alizaduh, 595 F.2d 948, 953 (4th Cir. 1979); Wooten v. Shook, 527 F.2d 976, 977-78 (4th Cir. 1975). Factual deficiencies must normally wait until the defendant attacks the lack of such details on a Fed. R. Civ. P. 12(b)(6) motion. See Neitzke, 490 U.S. at 329-31.
 
 
 4
 There is nothing inherently "fantastic or delusional" about allegations by a homeless person that he was harassed or his property confiscated by police. See, e.g., American Fed'n of R.R. Police, Inc. (AFRP) v. National R.R. Passenger Corp. (Amtrak), 832 F.2d 14 (2d Cir. 1987); Pottinger v. City of Miami, 720 F. Supp. 955 (S.D. Fla. 1989). Homeless individuals may have compelling liberty and property interests in personal identification, not only because of the importance of these documents as a prerequisite to receipt of government benefits, but to avoid police harassment of the type alleged in Ketchum's complaint. See, e.g., Brown v. Texas, 443 U.S. 47 (1979).
 
 
 5
 The real problem with Ketchum's claims is not that they are obvious figments of a deranged imagination, but that he is unable to state the names of the police officers and other officials who allegedly violated his rights, or the specific time of the alleged violations. Ketchum's inability to identify individual Defendants by name or the precise time of all the incidents does not in itself warrant dismissal of his claims as frivolous. Allegations in the complaint concerning false arrest and confiscation of property probably allow for specific persons and times to be subsequently identified justifying a responsive pleading. See Fed. R. Civ. P. 8(e)-(f); Nance v. Kelly, 912 F.2d 605, 607 (2d. Cir. 1990); Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 759 (7th Cir. 1988); Riblet Tramway Co. v. Monte Verde Corp., 453 F.2d 313, 318-19 (10th Cir. 1972).[1] The district court's decision is therefore vacated, and remanded[2] for further proceedings insofar as it pertains to Ketchum's confiscation and false arrest allegations.[3]
 
 
 6
 Ketchum's inexcusable failure to cite the year in which sheriff's deputies allegedly allowed other prisoners to assault him, even after he was provided an opportunity to amend his complaint, rendered responsive pleading too difficult to allow him to proceed with this allegation. See Riblet Tramway Co., 453 F.2d at 318-19. His other allegations are not sufficiently particularized to state a claim for relief.
 
 
 7
 The district court's dismissal of that part of Ketchum's complaint which does not pertain to his confiscation and false arrest allegations is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 Where a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the practice of this Court has been to "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted." Gordon v. Leeke, 574 F.2d 1147, 115253 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Records of his alleged arrests and incarceration probably have been kept and can be located with the information provided in his amended complaint, so that the identities of the Defendants may be determined. See, e.g., Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390 n.2 (1971)
 
 
 [2]
 Ketchum's motions, which we interpret as Motions to Vacate and Remand, are granted in part. His motion for appointment of counsel is denied
 
 
 [3]
 Because the court met its responsibility to allow Ketchum the opportunity to particularize, see Neitzke, 490 U.S. at 329, it may now proceed with service of process. If proper parties are not identified and served, see Fed. R. Civ. P. 4(c)(2)(B)(1), the action may then be dismissed pursuant to Fed. R. Civ. P. 4(j)