991 F.2d 787
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Leon BUCKNER, Plaintiff-Appellant,
and
Gerald Davis FULLER, Plaintiff,
v.
William Donald SCHAEFER, Governor; Board of Supervisors of
Elections for Somerset County; State Administration Board
of Election Laws; Kenneth Taylor, Warden; Board of
Supervisors of Elections for the State of Maryland,
Defendants-Appellees.
 No. 92-2189.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 17, 1993
Decided: April 23, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-92-2350-S)
 Robert Leon Buckner, Appellant Pro Se.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before HALL and PHILLIPS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Buckner appeals from the dismissal without service of process of his civil rights complaint alleging that his rights were violated when election officials prevented him from registering to vote. See 28 U.S.C. § 1915(d) (1988).[1] Because one of Buckner's claims is not indisputably meritless, it cannot be dismissed at this early stage of litigation.
 
 
 2
 Buckner, a Maryland prisoner at the Eastern Correctional Institution (ECI), names the governor of the State of Maryland, state election officials, and the warden of ECI in this complaint under 42 U.S.C. § 1983 (1988). Among other claims, Buckner argues that the exclusion of certain convicted criminals from balloting is a means of preventing black people from voting, and exercising political power in Maryland. In addition to a declaratory judgment and damages, Buckner also requests preliminary injunctive relief to prevent him from being separated from a co-litigant, harassed, or deprived of access to the courts as a consequence of bringing this action.[2] Buckner noted a timely appeal on his own behalf from the judgment, and the denial of his motion to vacate.
 
 
 3
 Pursuant to 28 U.S.C. § 1915(d), a court may dismiss a non-feepaying litigant's claims without prejudice "if satisfied that the action is frivolous." In White v. White, 886 F.2d 721 (4th Cir. 1989), this Court held that dismissals under § 1915(d) are to be reviewed under an abuse of discretion standard, and warned against lightly overturning district court judgments of frivolousness. Id. at 724. Nevertheless, the legal standard that must be applied by the district court remains strict: dismissal under § 1915(d) is appropriate only where the plaintiff's factual contentions are clearly baseless, or the claim is based on an indisputably meritless legal theory. See Neitzke v. Williams, 490 U.S. 319, 327 (1989).
 
 
 4
 Article 33, section 3-4(c) of the Maryland Annotated Code of 1957 (as amended) provides:
 
 
 5
 No person shall be registered as a qualified voter if he has been convicted of theft or other infamous crime, unless he has been pardoned, or, in connection with his first such conviction only, he has completed any sentence imposed pursuant to that conviction, including any period of probation imposed by virtue of parole or otherwise in lieu of a sentence or part of a sentence.
 
 
 6
 "Infamous crime" is defined under Maryland law as "any felony, treason, perjury, or any crime involving an element of deceit, fraud or corruption." Md. Ann. Code art. 33, § 1-1(a)(9) (1957) (as amended). The attorney general of Maryland has promulgated a partial list of what he considers to be infamous crimes, which includes some common law and statutory offenses, but excludes others, such as assault, drug possession, conspiracy, and disorderly conduct. See 67 Md. Op. Att'y Gen. 176, 181 (1982). Under the attorney general's opinion, other crimes may or may not be "infamous" depending on the particular facts. Id. Some of the reasoning behind these designations is laid out in an extensive series of Maryland court decisions and attorney general's opinions. See 60 Md. Op. Att'y Gen. 245 (1975).
 
 
 7
 In Allen v. Ellisor, 664 F.2d 391 (4th Cir.) (in banc), vacated, 454 U.S. 807 (1981), this circuit's leading case on the voting rights of[3] prisoners, the Court held that criminal disenfranchisement statutes are not per se invalid under the equal protection clause, even if they distinguish in treatment of different types of crimes. Id. at 397-98. Nevertheless, Buckner's argument that the statute violates the Equal Protection clause, and the Fifteenth Amendment, because it is intended, or intentionally applied in such a manner as to disenfranchise and disempower blacks is substantial. In Allen, this Court's finding that South Carolina's statute was not facially unconstitutional did not dispose of plaintiff's additional contention that the selective disenfranchisement provisions were intended to disenfranchise blacks.[4] We therefore remanded for resolution of the claim of racial taint. 664 F.2d at 399.[5]
 
 
 8
 Buckner represents that blacks are disproportionately prevented from voting in Maryland due to criminal convictions, and that the law is used as a means of watering down black political power. The possibility, however remote, that Buckner can prove a set of facts meriting relief justifies proceeding with service of process. See Boyce v. Alizaduh, 595 F.2d 948, 953 (4th Cir. 1979); Wooten v. Shook, 527 F.2d 976, 977-78 (4th Cir. 1975). Final determination of the issues must await the filing of appropriate motions after Buckner has had an adequate opportunity to discover and produce favorable evidence. See Nietzke, 490 U.S. at 329-31; Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (citing Wilson v. Rackmill, 878 F.2d 772, 774-75 (3d Cir. 1989)); Bolding v. Holshouser, 575 F.2d 461, 465-66 (4th Cir.), cert. denied, 439 U.S. 837 (1978).
 
 
 9
 We grant in forma pauperis status, vacate the dismissal of Buckner's racial discrimination claim, and remand for further proceedings. We find that all of Buckner's other claims lack merit, and affirm their dismissal. We deny Buckner's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED
 
 
 
 [1]
 Because Buckner's fellow plaintiff, Gerald Fuller, did not sign the notice of appeal, he is not party to this appeal
 
 
 [2]
 Buckner's motion for preliminary relief had not yet been acted upon when the underlying complaint was dismissed
 
 
 [3]
 Although the Supreme Court vacated this decision on mootness grounds, it did not question the validity of the legal reasoning, which is applicable to the instant case
 
 
 [4]
 Judge Winter's partial concurrence in Allen describes how some statutes disenfranchising criminals were designed to discriminate against blacks. Id. at 404-05
 
 
 [5]
 In Thiess v. State Admin. Bd. of Election Laws, 387 F. Supp. 1038, 1041 (D. Md. 1974), the district court characterized similar claims about Maryland's statute as "by no means facially frivolous." It nevertheless granted summary judgment to the state because the plaintiffs failed to adduce any evidence of discrimination. Id