**Charles L. MOREMAN, Plaintiff,**

v.

**A. DOUGLAS, Postmaster, United States Post Office, Dannemora, New York, Defendant.**

Civ. No. 94–CV–114.

United States District Court, N.D. New York.

April 5, 1994.

---

**ORDER**

SCULLIN, District Judge.

The above-referenced civil rights action was transferred to this court by Order dated January 21, 1994, by the Honorable Richard J. Arcara, District Judge for the Western District of New York, pursuant to 28 U.S.C. § 1406(a). Plaintiff, presently incarcerated at Attica Correctional Facility at Attica, New York, has not paid the partial filing fee in effect in this district. For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(d).

Plaintiff seeks to file this Tort Claim against the postal service for lost mail. Before plaintiff may file an action in this court, he must demonstrate that he has submitted and exhausted his claim to the Postal Service as provided for in 28 U.S.C. § 2675 and 39 C.F.R. Part 912.

■ The method to determine whether a pro se plaintiff should be permitted to proceed in forma pauperis requires a two step process to be followed by the district court. First, the court must determine whether the plaintiff qualifies by economic status and, second, whether the cause of action stated in the complaint is not frivolous, malicious or without merit. *Martin–Trigona v. Stewart,* 691 F.2d 856 (8th Cir.1982). The court has determined that plaintiff's financial status qualifies him to file or "commence" this action in forma pauperis. 28 U.S.C. § 1915(a).

Although plaintiff may be permitted to commence the action in forma pauperis, the court may "dismiss the proceeding under 28 U.S.C. § 1915(d) if the court thereafter determines that the application of poverty is untrue or the action is frivolous or malicious." *Brown v. Schneckloth,* 421 F.2d 1402 (9th Cir.), *cert. denied,* 400 U.S. 847, 91 S.Ct. 95, 27 L.Ed.2d 85 (1970).

■ In determining whether plaintiff's action is frivolous or without merit the court must look to see whether plaintiff can make a rational argument on the law or facts to support the claim. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Although the court has the duty to show liberality towards pro se litigants, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nance v. Kelly,* 912 F.2d 605 (2d Cir.1990), and extreme caution should be used in considering an in forma

**334**

pauperis application, *Anderson v. Coughlin,* 700 F.2d 37 (2d Cir.1983), there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis. Because it does not appear that plaintiff has exhausted his claim and such exhaustion is necessary before this court can or will exercise jurisdiction over this matter, *see e.g., Colorado Flying Academy, Inc. v. U.S.,* 724 F.2d 871 (10th Cir. 1984), *cert. denied,* 476 U.S. 1182, 106 S.Ct. 2915, 91 L.Ed.2d 544, the complaint has no arguable basis in law, and must be dismissed. Fed.R.Civ.P. 12(h)(1). Ultimately, dismissal of inarguable, and thereby frivolous, actions pursuant to 28 U.S.C. § 1915(d) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge,* 505 F.2d 802 (8th Cir.1974), as well as to discourage the waste of judicial resources. *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832.

It is the opinion of this court that this complaint, as presented, cannot be supported by any arguable basis in law and is therefore dismissed pursuant to 28 U.S.C. § 1915(d). *Neitzke, supra.*

Accordingly, it is hereby

ORDERED, that leave to proceed or prosecute this action in forma pauperis is denied and it is further

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(d) as lacking any arguable basis in law, and it is further

I further certify that any appeal from this matter would not be taken in good faith under 28 U.S.C. § 1915(a).

IT IS SO ORDERED.