**Ronald WHITAKER, Plaintiff,**

v.

**George YANTHIS, et al., Defendants.**

**No. 94–CV–1179 (RSP–GJD).**

United States District Court, N.D. New York.

Nov. 29, 1994.

---

Ronald Whitaker, pro se.

### DECISION AND ORDER

POOLER, District Judge.

## I. BACKGROUND

Presently before this Court is the above-captioned plaintiff's in forma pauperis application, together with a complaint alleging a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff has paid the filing fee required to maintain this action.

This matter has been transferred to this District by the Northern District of Florida pursuant to the Order of United States District Judge Roger Vinson.

For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(d) and Local Rule 5.4(a) of the General Rules of this Court as without arguable basis in law.

In his *pro se* complaint, plaintiff seems to claim that the defendants deprived plaintiff of various constitutional rights when they, *inter alia*, (i) denied plaintiff his right to a fair criminal trial; (ii) withheld exculpatory evidence from Whitaker and his defense counsel at such trial; (iii) committed perjury; (iv) presented false and misleading evidence at plaintiff's criminal trial; and (v) denied Whitaker effective assistance of counsel at his criminal trial. For a more complete statement of plaintiff's claims, reference is made to the entire complaint filed herein.

## II. DISCUSSION

■ Consideration of whether a *pro se* plaintiff should be permitted to proceed in forma pauperis is a two-step process. First, we must determine whether the plaintiff's economic status warrants waiver of fees and costs under 28 U.S.C. § 1915(a). If the plaintiff qualifies by economic status, we must then consider whether the cause of action stated in the complaint is frivolous or malicious. *Moreman v. Douglas*, 848 F.Supp. 332, 333 (N.D.N.Y.1994) (Scullin, J.); *Lynch v. DeAngelo*, 1994 WL 506306, *1 (N.D.N.Y. September 15, 1994) (McAvoy, C.J.); *see also Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir.1983).

In the present case, we have determined that plaintiff's financial status qualifies him to file or "commence" this action in forma pauperis. 28 U.S.C. § 1915(a). Turning to the second inquiry, a court may "dismiss the proceeding under 28 U.S.C. § 1915(d) if the court thereafter determines that the action is frivolous or malicious." *Moreman v. Douglas*, 848 F.Supp. at 332 (citation omitted); *Lynch v. DeAngelo*, 1994 WL 506306 at *1.

■ In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir.1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis. Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(d) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th

Cir.1974), as well as to discourage the waste of judicial resources. *Neitzke v. Williams,* 490 U.S. at 327, 109 S.Ct. at 1832. *See generally Moreman v. Douglas,* 848 F.Supp. at 334; *Lynch v. Deangelo,* 1992 WL 506306 at *1–2.

 *Bivens* actions such as the case at bar, although not precisely parallel, are the analog to a section 1983 action against state actors, and the constitutional standard of review is the same for either type of action. *See Chin v. Bowen,* 833 F.2d 21, 24 (2d Cir.1987) (noting that there is a "general trend in the appellate courts" to incorporate § 1983 law into *Bivens* cases) (citation omitted); *see also Lombard v. Board of Education,* 784 F.Supp. 1029, 1036 (E.D.N.Y. 1992) (same). *Bivens* actions, as well as actions brought under § 1983, are subject to a three-year statute of limitations. *Chin,* 833 F.2d at 24.

In the present case, plaintiff's constitutional claims occurred, if at all, more than three years prior to the filing of the instant complaint.[1] Such claims are therefore barred by the three-year statute of limitations applicable to *Bivens* claims. *Chin,* 833 F.2d at 24.

In light of the above, plaintiff's complaint, as presented to this Court, cannot be supported by any arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. § 1915(d). *Neitzke v. Williams,* 490 U.S. at 325–26, 109 S.Ct. at 1831–32.

Accordingly, it is hereby

ORDERED, that leave to proceed or prosecute this action in forma pauperis is denied; and it is further

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(d) and Local Rule 5.4(a) of the General Rules of this Court as lacking any arguable basis in law; and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

I further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a).

IT IS SO ORDERED.

---

1. Plaintiff complains of conduct that purportedly occurred between June 1988 and October 1989.

This action was commenced in the Northern District of Florida on July 5, 1994.