Tolbert DICKSON, Plaintiff-Appellant,

v.

Melvin COLMAN, Individually and as Sheriff of Orange County, Florida, et al., Defendants-Appellees.

No. 77–3241

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 23, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Tolbert Dickson, pro se.

Donald G. Greiwe, James E. Thompson, Tampa, Fla., for defendants-appellees.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Plaintiff Tolbert Dickson brought suit under section 1893 against the sheriff and the medical officer of the Orange County, Florida Jail, claiming damages for inadequate medical care. The district court granted defendants' motion for summary judgment, finding that the uncontroverted facts appearing in the affidavits failed to constitute the "acts or omissions sufficiently harmful to evidence indifference to serious medical needs" required by the Supreme Court in *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 51 (1976). We affirm.

On May 24, 1975, plaintiff was incarcerated in the Orange County Jail, where he received no medical attention until November 5, 1975, one day after making a written request for an examination. The medical examination revealed elevated blood pressure. The examining physician stated that plaintiff's high blood pressure presented "no true danger" or "serious threat" to his health, and prescribed medication. Plaintiff also complained of continuing shoulder pain from an accident in 1972. Plaintiff's shoulder was not treated, as the doctor found that plaintiff had "essentially satisfactory and a full range of motion." Dickson admits that satisfactory medical care was administered to him from November 5, 1975 until December 17, 1975, but insists that for 33 days following December 17 he received no treatment because his medical records were not transferred to his new place of incarceration. Plaintiff asserts that he repeatedly requested medical care between May 25, 1975 and November 5, 1975, and for the 33 days following December 17, 1975.

In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 51 (1976), the Supreme Court considered a section 1983 suit alleging inadequate medical treatment. The Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of *"deliberate* indifference to *serious* medical needs" (emphasis added). 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 51 (1976). The uncontroverted facts of this case manifestly belie the existence of the requisite deliberation and gravity. *See Gamble v. Estelle,* 5 Cir., 1977, 554 F.2d 653, 654 (on remand). *Cf. Procunier v. Navarette,* —— U.S. ——, 98 S.Ct. 855, 55 L.Ed.2d 24 (finding prison officials immune from suit under section 1983 where there was no conscious disregard of constitutional rights). Defendants did not receive a written request for a medical examination until November 4, 1975, and plaintiff obtained an examination

**1312**

the next day. Plaintiff admitted that he did not see a doctor or a nurse before November 5, and that his complaints of dizziness and headaches were made to his guards. Under the uncontroverted circumstances of this case, we find that the district court was not in error in holding that plaintiff could not demonstrate that whatever mistreatment he received was deliberate in character. The seriousness of the medical needs was contradicted by the affidavit of the examining physician.

AFFIRMED.