**Frank T. GLASPER, Plaintiff,**

**v.**

**Salicia A. WILSON, RN–Nurse II, Albion Correctional Facility Medical Department; Janice Cummings, Superintendent, Albion Correctional Facility, Defendants.**

**No. CIV–82–634T.**

United States District Court, W.D. New York.

Sept. 24, 1982.

---

Frank T. Glasper, pro se.

Robert Abrams, Asst. Atty. Gen., Buffalo, N.Y., for defendants.

## MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

Plaintiff has submitted to this Court a complaint along with an affidavit of pover-ty, a request for a temporary restraining order, and for a preliminary injunction. Plaintiff's affidavit in support of his request to proceed *in forma pauperis* satisfies the requirements of 28 U.S.C. § 1915(a), and he is therefore granted permission to proceed as a poor person. Plaintiff's complaint is, however, frivolous and without merit and is ordered dismissed. *See Redford v. Smith*, 543 F.2d 726, 728 (10th Cir. 1976); *Oughton v. U.S.*, 310 F.2d 803, 804 (10th Cir.1962), *cert. denied*, 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963).

■ Plaintiff, presently incarcerated in the Albion Correctional Facility, is no stranger to this Court. To the best of my knowledge plaintiff has five active lawsuits pending in this judicial district. This instant complaint arises from an alleged failure to provide the plaintiff with *immediate* medical care. Plaintiff alleges in his complaint that about 10:00 A.M. on July 16, 1982, he was suffering a problem with "his bowels" and he wanted to leave his work assignment and go to the Medical Department. A Nurse Wilson of that department apparently denied plaintiff permission to come to the medical facility, as an emergency case, at that time. Plaintiff was allowed to go to the medical facility at the prison later that same day. It appears from plaintiff's own papers that the medical department has regular sick call from 6:00 A.M. to 7:00 A.M. and from 8:00 P.M. to 9:00 P.M., and the only people who are seen not during these hours are those requiring emergency care. Nurse Wilson, apparently feeling that the plaintiff was not an emergency case, would not give him permission to leave his job and come directly to the medical facility. For this alleged lack of immediate medical attention, plaintiff seeks various forms of injunctive relief as well as Fifty Thousand Dollars, ($50,000.00) in damages.

In order for a complaint under 42 U.S.C. § 1983, based on inadequate medical treatment to state a cause of action, it must allege "conduct which 'shocks the conscience', such as deliberate indifference by

prison authorities to a prisoner's request for *essential* medical treatment." *Williams v. Vincent,* 508 F.2d 541, 544 (2nd Cir.1974) (citations omitted) (emphasis added).

Plaintiff's complaint, assuming all of his allegations to be true, does not state a cause of action under § 1983. He was merely forced to wait for normal sick call hours to report to the medical department; the same thing required of all other inmates.

Accordingly, plaintiff's complaint is ordered dismissed with prejudice.

SO ORDERED.