**Harold NANCE, Appellant,**

v.

**Walter C. KELLY, Superintendent, Attica Correctional Facility, Appellee.**

**No. 997, Docket 89–2310.**

United States Court of Appeals, Second Circuit.

Submitted May 15, 1990.

Decided Aug. 28, 1990.

Harold Nance, pro se.

Before OAKES, Chief Judge, PRATT, Circuit Judge, and LEVAL, District Judge.[1]

PER CURIAM:

Harold Nance, pro se, appeals a June 19, 1989, judgment of the United States District Court for the Western District of New York, John T. Curtin, Judge, dismissing his complaint *sua sponte* under 28 U.S.C. § 1915(d) (1988). Nance's complaint seeks relief pursuant to 42 U.S.C. § 1983 (1982) against Walter Kelly, the Superintendent of Attica Correctional Facility, in connection with alleged constitutional violations during Nance's imprisonment at Attica. We reverse and remand.

Nance filed his complaint in forma pauperis. His complaint consisted of handwritten responses to a printed "Form to be Used in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," which was supplied by the district court. Under the heading asking for the "Statement of Claim," Nance wrote, "Plaintiff is Wrongfully and Intentionally being deprived of his Constitutional Rights By not being Treated Medically Properly. Orthopedically For *Foot*, Problems." Under the heading that followed, asking for the relief requested, Nance added, "Proper Medical Treatments. Persistant After Care. Mone[ta]ry Compensations for Mistreatments and damages $2,000." Prior to the defendant's answer, the district court ruled that by failing to make requisite factual allegations concerning the time and place of any alleged constitutional violations, and failing to allege that defendant Kelly had any personal knowledge or involvement with the alleged constitutional violations, the complaint failed to state a claim upon which relief may be granted. On this basis, the district court *sua sponte* dismissed the complaint, without prejudice, as frivolous within the meaning of 28 U.S.C. § 1915(d). Upon plaintiff's failure to file an amended complaint, the district court dismissed the action.

A district court may *sua sponte* dismiss a case filed in forma pauperis "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). In *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Supreme Court explained the two instances in which a district court may dismiss a complaint pursuant to section 1915(d). First, it may dismiss when the "factual contentions are clearly baseless," such as when allegations are the product of delusion or fantasy. *Id.* 109 S.Ct. at 1833. Or, second, it may dismiss when the claim is "based on an indisputably meritless legal theory." *Id.*

*Neitzke* stressed that the showing a plaintiff must make to establish that a complaint is not "based on an indisputably meritless legal theory" is not the same as one necessary to withstand a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See id.* at 1832–33. The district court's role in ensuring that an in forma pauperis complaint is non-frivolous is meant to replace the role played by court costs and filing fees in deterring frivolous complaints. *See id.* at 1833. Accordingly, a district court should look with a far more forgiving eye in examining whether a complaint rests on a meritless legal theory for purposes of section 1915(d) than it does in testing the complaint against a Rule 12(b)(6) motion. By way of illustration, the Court noted that claims in which the defendants are clearly immune from suit or claims seeking redress for a non-existent legal interest would be examples of claims which would be considered indisputably meritless and properly dismissed under section 1915(d). *See id.*

We believe there is a significant difference between the type of claims the Court sanctioned in *Neitzke* as subject to dismissal under section 1915(d) and Nance's complaint. Reading Nance's pro se complaint broadly, as we must, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), his claim that he was deliberately denied medical treatment states a cognizable claim of cruel and unusual punishment under the Eighth

1. Of the Southern District of New York, sitting by designation.

Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). According to the district court, Nance's complaint failed because it lacked details as to the time and place of the relevant events and Kelly's role in them. By contrast, the two examples furnished by the Court did not suffer solely from a lack of pleading requisite details; rather, they sought to assert rights which plainly do not exist.

■ We conclude that once an in forma pauperis plaintiff raises a cognizable claim, a district court may not dismiss it *sua sponte* under section 1915(d), even if the complaint does not flesh out all of the requisite details. So long as the in forma pauperis plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion. *See Wilson v. Rackmill*, 878 F.2d 772, 774–75 (3d Cir. 1989) (identifying failure to state facts with requisite specificity as "a problem more properly addressed under Rule 12(b)(6)"). Requiring a Rule 12(b)(6) motion as a predicate for dismissal on the basis of factual deficiencies guarantees that the in forma pauperis plaintiff will have benefit of certain fundamental procedural protections, such as notice of the alleged deficiencies of his complaint and an opportunity to refine those alleged deficiencies, *see Neitzke*, 109 S.Ct. at 1834, so as to avoid dismissal.

Kelly has refused to defend this appeal on grounds that he was never properly served with the complaint. Because the district court dismissed the complaint prior to the filing of an answer, we have no basis on which to address this argument and accordingly express no opinion on it.

Judgment reversed. Cause remanded.

GEORGE C. PRATT, Circuit Judge (dissenting):

I dissent. We should affirm the district judge's wise dismissal of this *in forma pauperis* complaint under 28 U.S.C. § 1915(d), because the claim is based on not one, but two "indisputably meritless legal theor[ies]." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1835, 104 L.Ed.2d 338 (1989).

First, the majority concludes that Nance's allegation that he was deliberately denied medical treatment states a cognizable claim of cruel and unusual punishment under the eighth amendment. I cannot join in that conclusion. To sink to the level of a constitutional violation a prison's medical mistreatment must not only constitute "deliberate indifference", but that indifference must be to a "serious medical need". *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Nance's complaint of sore feet and a deprivation of orthopedic sneakers by the defendant does not meet this standard.

The "serious medical need" requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. *See Archer v. Dutcher*, 733 F.2d 14, 16–17 (2d Cir.1984) ("extreme pain"); *Todaro v. Ward*, 565 F.2d 48, 52 (2d Cir.1977) ("physical torture and lingering death"). The types of conditions which have been held to meet the constitutional standard of serious medical need include a brain tumor, *Neitzke*, 109 S.Ct. 1827; broken pins in a hip, *Hathaway v. Coughlin*, 841 F.2d 48 (2d Cir.1988); premature return to prison after surgery, *Kelsey v. Ewing*, 652 F.2d 4 (8th Cir.1981); diabetes requiring special diet, *Johnson v. Harris*, 479 F.Supp. 333 (S.D.N.Y.1979); a bleeding ulcer, *Massey v. Hutto*, 545 F.2d 45 (8th Cir.1976); and loss of an ear, *Williams v. Vincent*, 508 F.2d 541 (2d Cir.1974) (claim stated against a doctor who threw away a prisoner's ear and stitched up the stump).

Far from resembling the foregoing serious medical problems, Nance's sore feet and alleged need for orthopedic sneakers is more analogous to those conditions that have been held to fall short of the constitutional standard, such as a broken pin setting an injured shoulder, *Wood v. Housewright*, 900 F.2d 1332 (9th Cir.1990); a mild concussion and broken jaw, *Jones v. Lewis*, 874 F.2d 1125 (6th Cir.1989); a kidney stone, *Hutchinson v. United States*, 838 F.2d 390 (9th Cir.1988); cold symptoms, *Gibson v. McEvers*, 631 F.2d 95 (7th Cir.

1980); headaches, *Dickson v. Colman*, 569 F.2d 1310 (5th); *cert. denied*, 439 U.S. 897, 99 S.Ct. 259, 58 L.Ed.2d 244 (1978); a broken finger, *Rodriguez v. Joyce*, 693 F.Supp. 1250 (D.Me.1988); toothache, *Tyler v. Rapone*, 603 F.Supp. 268 (E.D.Pa.1984); or "bowel problems", *Glasper v. Wilson*, 559 F.Supp. 13 (W.D.N.Y.1982).

Second, even if Nance's sore feet met the constitutional standard, it is inconceivable that he could sustain this action against the only defendant he has named: Walter C. Kelly, who is superintendent of the prison where Nance is confined. A prerequisite for a § 1983 claim is "personal involvement" by the defendant in the alleged constitutional deprivation. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986). Not only does Nance fail to make any allegation that Kelly knew of him, knew of his sore feet, or knew of the denial of orthopedic shoes, he fails to suggest any other basis on which Kelly might be held liable other than the insufficient one that he was in charge of the prison. *See Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir.1987); *Williams v. Vincent*, 508 F.2d 541, 546 (2d Cir.1974); *see also Neitzke*, 109 S.Ct. at 1829 n. 2.

Reversal here simply adds extra, useless burdens to the work of the district court. The inevitable result of this case, after the additional paperwork, lawyer's time, and court time required in the district court by our reversal, will be dismissal. The district judge recognized this when he dismissed under § 1915(d), and we should affirm his wise, practical decision.