Patrick **DANIEL**, Plaintiff,

v.

Robert J. **HENDERSON**, Superintendent; Kermersky, Lt.; Burns, Lt.; Lt. J.J. Castollo, Superintendent for Security; Jane Doe, Inmate Account Coordinator, Defendants.

No. 90–CV–1070.

United States District Court, N.D. New York.

April 29, 1994.

Patrick Daniel, pro se.

G. Oliver Koppell, New York State Atty. Gen., Albany, NY (Terrence X. Tracy, Asst. Atty. Gen., of counsel), for defendants.

**MEMORANDUM, DECISION & ORDER**

McAVOY, Chief Judge.

This matter was referred to Magistrate Judge Gustave J. DiBianco for a Report and Recommendation pursuant to standing order dated August 2, 1985. In a Report–Recommendation dated January 20, 1993, Magistrate Judge DiBianco recommended *sua sponte* that the claims against defendant

Henderson be dismissed pursuant to 28 U.S.C. § 1915(d). The Magistrate Judge also ordered that plaintiff's motion to compel responses to interrogatories directed at defendant Henderson be denied.

Plaintiff's suit pursuant to 42 U.S.C. § 1983 arises from two incidents. First, plaintiff alleges that he was denied due process of law at a disciplinary hearing held in September 1987. Second, plaintiff alleges that defendant Burns forged a disbursement form and removed money from his inmate account as restitution for a damaged law book. Plaintiff alleges that these incidents violated his rights under the Eighth and Fourteenth Amendments.

█ It appears from the record of the case that defendant Henderson was never served with notice of the suit although service was attempted by the U.S. Marshal. However, because an incarcerated, pro se, in forma pauperis plaintiff may rely on the U.S. Marshal for service of process, the court is not required to dismiss the claim against defendant Henderson for failure to serve. *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir.1986). As noted by the Magistrate Judge, a review of the complaint and interrogatories submitted by the plaintiff show that no particular allegations have been made against defendant Henderson. Magistrate Judge DiBianco thus assumed that plaintiff named defendant Henderson only under the theory of *respondeat superior*, which is not actionable under 42 U.S.C. § 1983. *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, plaintiff's objection to the Report–Recommendation, timely filed on February 1, 1993, states that the claim against defendant Henderson is not based on *respondeat superior* but rather Henderson's personal role in the alleged violations. He asserts that his upcoming motion for summary judgment will show his involvement.

█ There are two situations in which a district court may dismiss a complaint pursuant to 28 U.S.C. § 1915(d): (1) when the factual allegations are clearly unfounded, for example, where the charges describe "fantastic or delusional scenarios"; and (2) when the allegations are based on an undeniably merit-

less legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). The court is required to use "a far more forgiving eye in examining whether a complaint rests on a meritless legal theory for purposes of section 1915(d) than it does in testing the complaint against a Rule 12(b)(6) motion." *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990). As in this case, the *Nance* decision involved a complaint any lacking in detail as to the defendant's role in the alleged events. Nonetheless, the Second Circuit Court of Appeals ruled that "so long as the in forma pauperis plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion." *Id.* at 607. This procedure guarantees that the plaintiff will have notice of and the opportunity to correct inadequacies in his complaint in order to avoid dismissal. *Id.*

In light of this precedent, the court declines to adopt the Report–Recommendation dated January 20, 1993 and denies dismissal of the complaint against defendant Henderson.

**IT IS SO ORDERED.**