**Marshall SCHRETER, Plaintiff,**

v.

**Wesley BEDNOSKY, Warden Suffolk County Correctional Facility, and Patrick Mahoney, Suffolk County Sheriff, Defendants.**

No. CV 94–5537.

United States District Court,
E.D. New York.

May 16, 1997.

Marshall Schreter, Stormville, pro se.

Robert J. Cimino, Suffolk County Attorney, Hauppauge by Arlene S. Zwilling, Assistant County Attorney, for defendants.

*MEMORANDUM AND ORDER*

WEXLER, District Judge.

### I.

*Pro se* plaintiff Marshall Schreter, a former prisoner at the Suffolk County Correctional Facility in Riverhead, New York ("SCCF"), commenced an action—filed under docket number CV 93–3883—pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. By Memorandum and Order dated April 20, 1994, this Court granted defendants' motion to dismiss the complaint to the extent plaintiff sought injunctive relief against an alleged unconstitutional transportation policy at the SCCF or any relief relating to an alleged incident involving a cancelled dental appointment. However, the complaint was dismissed without prejudice to plaintiff's right to refile a complaint to state with further particularity the circumstances of an alleged incident involving a kidney stone attack and to identify those persons whom he believes deprived him of his constitutional rights and their personal participation therein. Thereafter plaintiff refiled a complaint under the above-referenced docket number (the "amended complaint"), concerning the alleged kidney stone attack and naming as defendants Wesley Bednosky, the Warden of the SCCF, and Patrick Mahoney, the Suffolk County Sheriff. By Memorandum and Order dated July 24, 1995, this Court denied defendants' motion to dismiss the amended complaint. Defendants now move for summary judgment pursuant to

Rule 56 of the Federal Rules of Civil Procedure.

## II.

The undisputed facts can be summarized as follows. On December 31, 1992, plaintiff was a pretrial detainee at the SCCF. On that day, between 2:00 and 3:00 p.m., plaintiff began to suffer a kidney stone attack in his bed at the SCCF. At 3:05 p.m., plaintiff complained of intense pain in his left testicle and vomiting. At 3:10 p.m., he was brought to the SCCF's medical unit. A nurse at the medical unit examined him and discovered that his vital signs were abnormal. The medical personnel at the medical unit decided to have plaintiff transported to Central Suffolk Hospital in Riverhead, New York, a local hospital. Sheriff's deputies were dispatched to transport plaintiff to the hospital pursuant to the SCCF's policy that such transportation be done by sheriff's deputies, not on-site SCCF corrections officers. Shortly thereafter, sheriff's deputies arrived at the SCCF and brought plaintiff to the hospital, arriving at the hospital's emergency room between 3:40 and 3:49 p.m. Plaintiff estimates that the drive to the hospital from the SCCF took between six and ten minutes. Plaintiff was then admitted to the hospital for treatment.

## III.

A party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The nonmoving party may defeat the summary judgment motion by producing sufficient evidence to establish a genuine issue of material fact for trial. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475

U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Because plaintiff's action arose while he was a pretrial detainee, his claim is analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See Bryant v. Maffucci,* 923 F.2d 979, 983 (2d. Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Although the Second Circuit has not determined whether the standard to be applied to pretrial detainees is the same as the deliberate indifference standard, *see Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), it has made clear that an "unconvicted detainee's rights are at least as great as those of a convicted prisoner," but that more than mere negligence is required. *Weyant v. Okst,* 101 F.3d 845, 856 (2d Cir.1996); *Bryant,* 923 F.2d at 983–84.

Plaintiff contends that his transportation to the hospital was unnecessarily delayed because he was required to wait for sheriff's deputies, rather than on-site SCCF corrections officers, to take him to the hospital. Plaintiff further contends that the unnecessary delay caused him undue physical pain and suffering in violation of his constitutional rights. However, he produces no evidence that corrections officers were available and able to transport him to the hospital sooner than the sheriff's deputies. Moreover, he concedes that he "has never alleged that [the SCCF] staff has intentionally delayed him in transportation to the local hospital for his medical emergency." Affidavit of Marshall Schreter, dated March 4, 1997, ¶ 5.

Defendants apparently do not dispute on this motion that plaintiff had a "serious medical need." *See Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994) (serious medical need refers to a "'condition of urgency, one that may produce death, degeneration or extreme pain'" (quoting *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir.1990) (Pratt, J., dissenting))), *cert. denied,* —— U.S. ——, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). Rather, they argue that plaintiff's constitutional rights were not violated because any delay in his transportation to the hospital was unintentional and brief.

Notwithstanding the impact of the alleged transportation policy on medical treatment in

other situations, under the undisputed circumstances here, plaintiff did not experience a delay in medical treatment sufficient to support his due process claim. It is undisputed that plaintiff was promptly moved from his cell to the SCCF medical unit, promptly examined at the medical unit, and then transferred to the hospital, all within 35 to 45 minutes from the time he advised SCCF personnel of his condition. No SCCF medical personnel, SCCF corrections officer, or sheriff's deputy is alleged to have intentionally withheld or delayed plaintiff's treatment or transport to the hospital. *See. e.g., Orr v. Hoke,* 1995 WL 217541, at *2–3 (S.D.N.Y. Apr.12, 1995) (finding material issue of fact presented as to whether defendants wantonly disregarded plaintiff's medical needs by delaying his transportation to a hospital for a severed finger tip). Any failure to take plaintiff to the hospital sooner, whether or not attributable to the transportation policy, was not more than mere negligence, if it was negligence at all. Moreover, apart from plaintiff's speculation, there is no evidence in the record that SCCF corrections officers were available and able to transport him to the hospital sooner than sheriff's deputies. Plaintiff's speculation ignores the legitimate concerns of prison authorities in allocating personnel and resources to deal with the care and custody of all SCCF inmates. Because plaintiff cannot succeed on his claim that defendants violated his constitutional rights under the circumstances, his action must be dismissed.[1]

### IV.

For the reasons above, defendants' motion for summary judgment is granted. Accordingly, the action is dismissed. The Clerk of the Court is directed to close the file in this matter.

SO ORDERED.

---

1. In their moving papers, defendants rely on an unreported Second Circuit summary order in an unrelated case. The legend on the summary order clearly provides that it is not to be cited as precedential authority except in certain limited circumstances, none of which is applicable here.

*See* Defendants' Memorandum of Law, at 1–2. Accordingly, this Court has not considered that summary order in rendering its decision and admonishes defendants' counsel not to cite such an order in the future.