## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-40551
Summary Calendar

MICHAEL LOU GARRETT,

Plaintiff-Appellant,

versus

R. McVEY; G.J. GOMEZ; D.B. McELVANEY;
R. MUNOZ; E. FRANCO; A. LOPEZ; J. LOPEZ;
R. ROMERO,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(G-97-CV-602)

December 30, 1999

Before POLITZ, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Michael Lou Garrett, a Texas prisoner, appeals the dismissal as frivolous[1] of his 42 U.S.C. § 1983 complaint against several prison officials. We affirm in part and vacate and remand in part.

Garrett alleges that prison officials did not investigate adequately several grievances he made. We agree with the district court that these allegations are insufficient to support a constitutional claim. Garrett further alleges retaliation and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 28 U.S.C. § 1915(e)(2)(B)(I).

certain conspiracy claims which the district court dismissed. Garrett attempts to support these claims on appeal by incorporating factual allegations and arguments raised in the district court. This he may not do.[2] Garrett fails to acquit his burden of showing that the district court abused its discretion in dismissing these claims and the action of the trial court is accordingly affirmed.

We do not agree, however, with the summary dismissal of Garrett's complaint that prison officials denied his constitutional right of access to the courts by stealing his mail.[3] The factual deficiencies identified by the trial court do not warrant a dismissal as frivolous at this stage of the proceedings.[4] "So long as the *in forma pauperis* plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait" for further developments and filings.[5] Garrett alleges that a folder containing materials he had compiled in anticipation of litigation was stolen by prison officials. He alleges a potential motive, that the underlying claim in the intended lawsuit involved action by the spouse of the alleged thief. Garrett claims that witnesses saw that particular prison official leaving his cubicle with a file. We note that prison officials acknowledge a "shakedown" of Garrett's cubicle by the alleged thief at about the relevant time. Under these circumstances, the dismissal of this claim as frivolous at this time is

---

[2] **Yohey v. Collins**, 985 F.2d 222 (5th Cir. 1993).

[3] **Brewer v. Wilkinson**, 3 F.3d 816 (5th Cir. 1993).

[4] **Nance v. Kelly**, 912 F.2d 605 (2d Cir. 1990).

[5] **Id.** at 606.

2

inappropriate and the judgment of the court in that regard must be vacated.

AFFIRMED in part, VACATED and REMANDED in part for further proceedings consistent herewith.