[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15209 (RE: HABEAS CORPUS PETITION)
The petitioner, Abbot Dinoto, filed a Petition For a Writ of Habeas Corpus on October 19, 2000, pursuant to Practice Book § 23-22, seeking relief and requesting that he be released from his confinement. The petitioner argues that the conditions at his place of confinement are "inhumane and dangerous" and that he has been denied proper medical and dental care. Further, the petitioner claims that he has suffered "retaliation" by Department of Corrections officials due to his use of the inmate grievance procedures.
The petitioner is a sentenced inmate confined to the custody of the Commissioner of Corrections pursuant to a conviction dated July 30, 1991 by the Superior Court, New London for a violation of General Statutes § 53a-70 (a), Sexual Assault in the First Degree, General Statutes § 53a-71 (a)(1), Sexual Assault in the Second Degree and General Statutes § 53-21, Risk of Injury to Children. The petitioner, upon sentencing, received a total effective sentence of twenty-five years incarceration. The petitioner remains in the custody of the Commissioner of Corrections.
Pursuant to Practice Book § 23-30 the respondent filed a return to the petition responding to the petitioner's allegations and denying that the petitioner is entitled to any relief. The petitioner, pursuant to Practice Book § 23-31 has filed his reply to the respondent's return. A hearing on the merits of the petition was held on September 21, 2001.
The petitioner alleges that he has failed to receive the proper medical care and treatment for blood, pain and burning when urinating; ulcerative colitis; blood in his stool accompanied by cramping pains; foot care; itching and bleeding moles on his skin; and the proper orthopedic knee and wrist braces to alleviate pain for medical conditions which predated his confinement. Additionally, the petitioner alleges that he has not received the proper dental care and treatment regarding a gum abscess and a loose "bridge." The petitioner alleges that these dental conditions cause him pain, severe headaches, loss of appetite and bleeding.
The petitioner lastly alleges that due to his use of the inmate request and grievance process he has been subjected to retaliation by prison officials because he has used the inmate request and grievance procedure to protest his alleged lack of proper medical and dental care. CT Page 15210
The respondent, Warden, has replied that the petitioner has been seen by the medical staff no fewer that fifteen times in the past year and has had his medications prescribed and/or refilled on at least nine occasions. The petitioner has been examined and/or treated for bowel, lower gastrointestinal and proctological complaints, as well as, ulcerative colitis. The petitioner has been examined for foot problems. It is noted that on August 24, 2000, the petitioner refused to be seen by a podiatrist. Additionally, the petitioner has been provided with various knee and wrist braces, which have been modified to remove certain metal parts due to prison security concerns.
The court notes that the Head Nurse from the Cheshire Correctional Center admits that at times some personnel are "indifferent" to the needs of the inmates, and that medical prescriptions are not always filled on a timely basis. The Head Nurse also admits that due to lack of personnel and vacation schedules, delays in providing medications do occur.
The gravamen of the petitioner's complaint is that he is being subjected to cruel and unusual punishment in violation of theEighth
Amendment of the United States Constitution, made applicable to the State by the Fourteenth Amendment. Robinson v. California, 370 U.S. 660
(1962). The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity and decency. . . ." Jackson v.Bishop, 404 F.2d 571, 579, against which we must evaluate penal measures. "These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely upon prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Estelle v. Gamble, 429 U.S. 97 (1976). In less serious medical cases, such as the petitioner's ailments, denial of medical care may result in pain and suffering which no one would suggest would serve any penological purpose. Id. at 103. Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wonton infliction of pain proscribed by the Eighth Amendment. Gregg v. Georgia,428 U.S. 153 (1976). This is true whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment, once it is prescribed. Estelle v. Gamble, supra at 104-105. However, inadvertent failure to provide adequate medical care is not an unnecessary and wonton infliction of pain. Id., at 105. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id., at 106.
The claim of a deliberate indifference by the respondent to the petitioner's medical needs is subject to a two prong standard. First, the alleged deprivation must be, in objective terms, "sufficiently serious." CT Page 15211Hathaway v. Coughlin, 37 F.3d 63 (2d Cir. 1994); Wilson v. Seiter,501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Second, the charged official must act with a sufficiently culpable state of mind. See Wilson v. Seiter, 501 U.S. at 298. Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. 825,114 S.Ct., 1970, 1978 (1994). "A prison official does not act in a deliberately indifferent manner unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 838, 114 S.Ct. at 1979; Hathaway v. Coughlin,37 F.3d 63 (2d Cir. 1994).
In applying the two prong test regarding "deliberate indifference" to the petitioner's case, the court finds that the petitioner has failed to sustain his burden of proving that he is being denied the proper medical care, dental care and medications. The record and the testimony does not substantiate that the petitioner DiNoto has medical needs that rise to the level of "a condition of urgency, one that may produce death, degeneration or extreme pain." See Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting).
The testimony and the record also fail to support the petitioner's claim that the respondent and the medical staff at the Cheshire Correctional Institute were deliberately indifferent to the petitioner's medical needs, in that they knew of and disregarded any excessive risks to the petitioner DiNoto's health. The record shows that the petitioner was repeatedly seen by the medical personnel for a variety of ailments and health complaints. Some ailments required medical attention and care, and it was provided. It may have not been provided as quickly or efficiently as the petitioner may have wanted, but nonetheless, it was provided. Additionally, diagnostic testing was provided for other subjective medical complaints by the petitioner, and negative diagnostic findings resulted. It is noted that no ailments medically diagnosed, are of the life-threatening category.
The court does state its concern regarding the medical staffs casual attitude as it concerns the timely and efficient filling delivery of the petitioner's duly prescribed medications to him. This is cause for alarm which could have negative results on medical care of the general inmate population. However, this alone is insufficient to grant relief to the petitioner.
Accordingly, the petition for a writ of habeas corpus is hereby dismissed. CT Page 15212
The Court
by
Richard E. Arnold, Judge.