Shawn NEWTON, Plaintiff–Appellant,

v.

Frank HANDLEMAN, et al., Defendants–Appellees,

No. 02–77.

United States Court of Appeals, Second Circuit.

Dec. 13, 2002.

Shawn Newton, Brooklyn, New York, for Appellant, pro se.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. OAKES, and Hon. RAGGI, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of December, Two thousand and two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Shawn Newton, *pro se*, appeals from the decision of the district court (David G. Trager, *District Judge*) dismissing his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A. Newton brought suit against his own defense attorneys, an Assistant United States Attorney, an United States District Judge and a Magistrate Judge, a parole officer, and a special agent from the Bureau of Alcohol, Tobacco and Firearms. In his complaint, Newton claimed that defendants violated his constitutional rights by causing his arrest, detention, and prosecution. The district court screened the complaint pursuant to § 1915A, recognized that the action pleaded derived from *Bivens v. Six Unknown Narcotics Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1991), and *sua sponte* dismissed it as frivolous.

This Court reviews *sua sponte* dismissals, ordered pursuant to § 1915A, *de novo*. *See Marvin v. Goord*, 255 F.3d 40, 42 (2d Cir.2001).

We find that the complaint was properly dismissed as frivolous. An action is frivolous as a matter of law when (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) when "the claim is 'based on an indisputably meritless legal theory,'" such as when "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990) (per curiam)).

All of Newton's claims are barred by dispositive defenses. Newton's claims against the district judge, the magistrate judge, and the Assistant United States Attorney are all barred by absolute immunity, since the allegedly improper acts of these defendants were performed within the scope of their judicial or prosecutorial employment. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11–13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutorial immunity). Furthermore, the district court correctly dismissed the claims against Newton's former court-appointed attorneys, since they are not deemed to be state or federal employees. *See Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997). In addition, Newton's claims against the parole officer and the special agent, whose only connection to the action stems from Newton's arrest, were also properly dismissed because he failed to allege that the federal charge against him was terminated in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The district court therefore did not err by dismissing this action as frivolous.

Accordingly, the judgment of the district court dismissing the action is hereby AFFIRMED.