Michael Andrew WANDERSEE, Plaintiff–Appellant,

v.

MICROSOFT–GLOBAL SCALE, Companies–Several, Forensics by Watchers, Corporations–Companies, Rang I the several thousand CVC states on the net over 2000 and climbing that are directly linked in Microsoft's fight on us for changing copy right dates on doc on a global, Defendants–Appellees.

No. 06–0898–cv.

United States Court of Appeals, Second Circuit.

May 9, 2007.

Michael Andrew Wandersee, pro se, Stockton, CA, for Appellant.

No appearance for Appellees.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Michael Andrew Wandersee, *pro se,* appeals from the December 13, 2005 judgment of the United States District Court of the Southern District of New York (Mukasey, C.J.) dismissing his complaint against appellee Microsoft and other defendants as frivolous. Wandersee also requests appointment of counsel. We assume the parties' familiarity with the underlying facts and procedural history of the case, and the issues on appeal.

Reviewing the district court's dismissal of the complaint under 28 U.S.C. § 1915 *de novo, see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004), we find that, for the reasons stated by the district court, Wandersee's complaint not only is incomprehensible but also fails to articulate a single cognizable federal claim. His complaint is therefore frivolous. *See Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (noting that an action is frivolous where it asserts "factual contentions [that] are clearly baseless" or "claims [that are] based on an indisputably meritless legal theory") (internal quotations marks omitted). Further, the record does not suggest any possibility that Wandersee would be able to amend his complaint to state an actionable claim. *See, e.g., Gomez v. USAA Federal Sav. Bank,* 171 F.3d 794, 796 (2d Cir.1999) ("[A] *pro se* plaintiff . . . should be afforded the . . . opportunity . . . to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").

Wandersee's request for appointment of counsel is denied as meritless. *See Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172–74 (2d Cir.1989) (finding that the Court "should first determine whether the indigent's position [is] likely to be of substance" before appointing counsel) (internal quotation marks omitted).

For the foregoing reasons, we AFFIRM the judgment of the district court, and DENY Wandersee's request for appointment of counsel.