**Melvin LEE, Plaintiff,**

v.

**Joel KILCHEN, Canisus College, as a person, Dominic J. Barone, Buffalo State College, as a person, and Gary Everett, Defendants.**

**1:16–CV–00829 EAW**

United States District Court, W.D. New York.

Signed November 8, 2016

Melvin Lee Buffalo, NY, Pro Se.

### ORDER

Elizabeth A. Wolford, United States District Judge

### I. Introduction

Plaintiff Melvin Lee ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983,

alleging violations of his constitutional rights. (Dkt. 1). Plaintiff has submitted a complaint (Dkt. 1), along with an affirmation of poverty (Dkt. 2), and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff asserts that his rights were violated by Defendants Joel Kilchen,[1] Canisus College, Dominic J. Barone, Buffalo State College, and Gary Everett (together "Defendants") in connection with Plaintiff's arrest and conviction for first degree robbery. (Dkt. 1).

The Court has reviewed Plaintiff's motion for *in forma pauperis* status. For the reasons detailed below, the motion is granted. The Court has also reviewed the complaint as required by 28 U.S.C. § 1915(e)(2). As discussed below, Plaintiff has failed to put forth any factual basis for his claims, and, therefore, the complaint must be dismissed unless Plaintiff files an amended complaint that cures its defects.

## II. Plaintiff's Motion for *In Forma Pauperis* Status is Granted

Plaintiff's affirmation of poverty has been reviewed in accordance with 28 U.S.C. § 1915(a)(1). Plaintiff has met the statutory requirements for *in forma pauperis* status, and, therefore, permission to proceed *in forma pauperis* is granted.

## III. Plaintiff's Complaint Fails to Allege Any Factual Basis for His Claims

The Court has also reviewed the complaint with respect to the § 1915(e)(2) criteria. Under § 1915(e)(2), the Court must conduct an initial screening of Plaintiff's complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact." *Montero v. Travis,* 171 F.3d 757, 759 (2d Cir. 1999).

In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations, and must draw all inferences in the plaintiff's favor. *See, e.g., Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003). While "a court is obliged to construe [*pro* se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon,* 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

"[A] district court should look with a far more forgiving eye in examining whether a complaint rests on a meritless legal theory for purposes of section [1915(e)] than it does in testing the complaint against a Rule 12(b)(6) motion." *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir. 1990). In determining whether a complaint survives a Rule 12(b)(6) motion, the plaintiff need "only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "So long as the [*in forma pauperis*] plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion." *Nance,* 912 F.2d at 607.

---

1. The Court notes that the case caption in CM/ECF spells this Defendant's last name as "Kitchen." The Clerk of Court is directed to correct the docket to reflect the complaint's spelling of Defendant's last name ("Kilchen").

Here, Plaintiff has not raised a cognizable claim, even under a liberal reading of his complaint. Plaintiff has circled section 5 of the form complaint to indicate that he is purporting to assert claims under 42 U.S.C. § 1983 for due process, false arrest, failure to protect, and malicious prosecution. (Dkt. 1 at 4). However, Plaintiff has failed to put forth **any** facts to support his claims. Plaintiff has submitted a handwritten attachment to the form complaint contending that his constitutional rights were violated by Defendants, purportedly in connection with Plaintiff's arrest and subsequent conviction for first degree robbery. (Dkt. 1 at 8–13). Plaintiff does not assert any detail as to the basis for his allegations, such as what Canisius College, Buffalo State College, or any of the other named Defendants did to violate Plaintiff's rights. (*See id.*). The handwritten submission is merely a recitation of the elements of a due process claim. Even viewed with a "forgiving eye," the complaint is wholly deficient. *See Nance*, 912 F.2d at 606. The complaint fails to provide Defendants notice as to the factual grounds upon which Plaintiff's claims rest. *See Erickson*, 551 U.S. at 93, 127 S.Ct. 2197. Therefore, the complaint must be dismissed as frivolous. *See Montero*, 171 F.3d at 761–62 (dismissing a claim because no facts were alleged to support the purported constitutional violation). The complaint is not being dismissed "simply because the [C]ourt finds the plaintiff's allegations unlikely," but because there are no factual claims in the complaint whatsoever. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)).

## IV. Plaintiff Will be Afforded Leave to Amend

Plaintiff will be afforded an opportunity to amend his complaint to include the factual basis for his claims. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (suggesting that district courts are generally required to allow an opportunity to amend before dismissing a *pro se* claim *sua sponte*). In making out his amended complaint, Plaintiff should include all of the facts surrounding the alleged constitutional violations, such as the time and place of the violations, what happened, what action each of the named Defendants took in violation of Plaintiff's constitutional rights, and what role each of the named Defendants played with respect to any such alleged violations. Plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint **by December 9, 2016,** in which he includes the necessary allegations and factual information in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. The Court will attach to this Order instructions for filing an amended complaint, and the civil complaint form to be used in a non-prisoner context.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [the original complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, Plaintiff's amended complaint must include all of the allegations against each of the Defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action.

## V. Order

IT IS HEREBY ORDERED, that Plaintiff's motion for leave to file *in forma pauperis* (Dkt. 2) is granted;

FURTHER, that Plaintiff will be provided an opportunity to file an amended complaint by **December 9, 2016;**

FURTHER, that if Plaintiff fails to file an amended complaint by December 9, 2016, the Clerk of Court is directed to dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B);

FURTHER, that in the event Plaintiff fails to file an amended complaint by December 9, 2016, the Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and, therefore, leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); 28 U.S.C. § 1915(a)(3). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.